## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LADONNA RADERMACHER, as Special Administrator of the Estate of Connie Ray and Heir-At-Law of Connie Ray,<br><br>*Plaintiff,*<br><br>vs.<br><br>BITRON/ELBI INTERNATIONAL S.P.A.;<br>BITRON IND. CHINA CO. LTD;<br>LOWE'S HOME CENTERS, INC.;<br>LOWE'S HOME CENTERS, LLC; AND<br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>*Defendants.* | Case No. 16-01051-EFM-KGG |

## MEMORANDUM AND ORDER

Plaintiff LaDonna Radermacher, heir-at-law of her mother, decedent Connie Ray, and Administrator of Ray's Estate, filed a product liability action against Defendants under theories of negligence and strict liability. In short, she claims that Lowe's Home Centers, Inc. and Lowe's Home Centers, LLC (collectively "Lowe's") sold her a defective dishwasher and installed it in her home. According to Radermacher, the dishwasher had a faulty valve—water would often escape the confines of the machine and leak onto the floor. One day, while trying to contain an expanding puddle of water, Ray slipped on the wet floor and was seriously injured. Before the Court is Defendants Lowe's Home Centers, Inc. and Lowe's Home Centers, LLC's

Motion to Dismiss (Doc. 4). For the reasons explained below, the Court denies Defendants' motion.

## I.   Factual and Procedural Background[1]

On August 3, 2013, LaDonna Radermacher and her mother Connie Ray—who was living in the home with her—purchased a new Frigidaire dishwasher from Lowe's. In the following month, Lowe's installed the dishwasher in their home. The appliance sprung a leak approximately one month after it was installed. Radermacher informed Lowe's of the problem, and they agreed to replace it. Lowe's installed the replacement in September 2013, but did not perform a test run to see if the new unit was in working order.

The new appliance also began leaking within the first month. Radermacher contacted Lowe's, who in turn instructed her to contact Frigidaire directly. After hearing her problem, Frigidaire recommended that Radermacher hire a factory-authorized repairman to fix the leak, and referred her to Spade Appliance. Upon Radermacher's request, Spade Appliance inspected the unit, made repairs, and confirmed that the machine did not leak during their test run.

Unfortunately, Radermacher's dishwasher difficulties did not end there. The appliance, once again, started leaking about a month after it had been repaired. This time, Radermacher contacted Spade Appliance directly. Spade made a few adjustments, performed a test run, and confirmed that the leak was fixed. The next couple of months were relatively dry and uneventful, but on May 16, 2014, Ray and Radermacher discovered—for the fourth time—that the dishwasher was leaking. As water pooled on the floor, Ray began putting down towels to contain the stream. Unfortunately, she slipped on the wet floor and sustained serious injuries

---

[1] The facts are taken from Radermacher's complaint and are accepted as true for the purposes of this ruling.

from her fall.  Connie Ray died of injuries caused by the fall on November 4, 2014.  She was ninety-seven years old at the time of her death.

The complaint states that the leaks were "due to the failure of a solenoid valve designed to control the flow of water into the dishwasher . . . commonly known as a 'Fill Valve.' "  The Fill Valve failed on May 16, 2014 "in that it allowed water to continue to flow into the dishwasher after the dishwasher had turned off, resulting in water leaking from the dishwasher."  Thus, according to the complaint, "Ray's fall on May 16, 2014 occurred solely as a result of the failure of the Fill Valve to prevent water from flowing into the dishwasher after the dishwasher had turned off."

Radermacher attributes Ray's injuries to "the defective design and/or manufacture and/or assembly of the dishwasher and Fill Valve."  She asserts that Lowe's "knew, or should have known" that the dishwasher "had a defective Fill Valve."  Accordingly, she brought suit on February 24, 2016, alleging that Defendants are liable for Ray's injuries under theories of negligence and strict liability.

On April 28, 2016, Lowe's filed a Rule 12(b)(6) motion, seeking dismissal of the case against them, arguing that it is immune from liability under K.S.A. § 60-3306.  For the reasons explained below, the Court denies the motion.

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss any claim for which the plaintiff has failed to "state a claim upon which relief can be granted."[2]  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[2] Fed. R. Civ. P. 12(b)(6).

relief that is plausible on its face.' "[3]  A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[4]  This plausibility standard reflects the Rule 8 requirement that pleadings must provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[5]  When considering a Rule 12(b)(6) motion, this Court must accept all of the factual allegations in the complaint as true, and view them in a light most favorable to the plaintiff.[6]  The Court, however, does not apply the same presumption to conclusory allegations or legal conclusions.[7]

Even if a plaintiff's claim is facially plausible, a complaint may still be dismissed under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy.[8]  But the Court will only do so "if the defense appears plainly on the face of the complaint itself."[9]  This situation arises when "the plaintiff's own allegations show

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

[5] *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th Cir. 2012); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

[6] *Res. Ctr. For Indep. Living, Inc. v. Ability Res., Inc.*, 534 F. Supp. 2d 1204, 1209 (D. Kan. 2008) (citing *Zinermon v. Burch*, 494 U.S. 113, 118 (1990)).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that a complaint is subject to dismissal for failure to state a claim if the allegations show that relief is barred by the applicable statute of limitations); *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 412–13 (10th Cir. 2013) (holding that defendant could raise the affirmative defense of a statute of limitations bar in a motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished") (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

[9] *VanLandingham v. Grand Junction Reg'l Airport Auth.*, 603 F. App'x 657, 659 (10th Cir. 2015); *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016) ("As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the

that a defense exists that legally defeats the claim for relief."[10] The plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.[11]

### III.   Analysis

In its motion, Lowe's asserts an affirmative defense to Radermacher's claim, arguing that it is not liable under Kansas product liability law and should be dismissed from this action. More specifically, Lowe's contends that it qualifies as a "product seller" under the Kansas Product Liability Act ("KPLA").[12] "Product sellers" are not subject to liability under the KPLA; thus, Lowe's asserts, the motion to dismiss should be granted. Radermacher responds that Lowe's does not qualify for limited liability under the statute. Therefore, Radermacher contends, there is a cognizable claim against Lowe's and the motion should be denied.

When the Kansas Legislature adopted the KPLA, it "clearly declared that the public policy of the state was . . . 'to limit the rights of plaintiffs to recover in product liability suits generally and to judge a product for an alleged defect only when it is first sold.' "[13] To further this objective, the KPLA contains numerous provisions that limit the ability of a plaintiff to recover.[14] These protections extend to product sellers as well as manufacturers, and apply to all

---

award of any remedy; but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion.").

[10] 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016).

[11] *See Pryor v. Coats*, 2000 WL 147388, at *2 (10th Cir. Feb. 9, 2000); *Watkins v. Colo. Dep't of Corr.*, 1999 WL 594584, at *2 (10th Cir. Aug. 9, 1999).

[12] *See* K.S.A. § 60-3301 *et seq.*

[13] *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154, 1157–58 (D. Kan. 2004) (quoting *Patton v. Hutchinson Wil-Rich Mfg. Co.*, 253 Kan. 741, 752, 861 P.2d 1299, 1309 (1993)).

[14] *Id.* at 1158; *see, e.g.*, K.S.A. § 60-3303 (eliminating liability for harm caused after the useful safe life of the product); K.S.A. § 60-3304 (providing that a product is not defective where it complied with regulatory

product liability claims regardless of the substantive theory of recovery, including actions based on strict liability and negligence.[15]

Of the many protections found in the KPLA, Lowe's relies upon K.S.A. § 60-3306, which eliminates liability for "product sellers" in a "product liability claim" if certain conditions are met. Both parties agree that Lowe's qualifies as a product seller under the Act.[16] Likewise, the parties agree that this is a product liability claim. Thus, the inquiry now moves to whether the statutory requirements are satisfied for the defense to apply.

Under K.S.A. § 60-3306(a), "[a] product seller shall not be subject to liability in a product liability claim arising from an alleged defect in a product" if the seller can establish:

(1) Such seller had no knowledge of the defect;
(2) such seller in the performance of any duties the seller performed, or was required to perform, could not have discovered the defect while exercising reasonable care;
(3) such seller was not a manufacturer of the defective product or product component;
(4) the manufacturer of the defective product or product component is subject to service of process either under the laws of the state of Kansas or the domicile of the person making the product liability claim; and
(5) any judgment against the manufacturer obtained by the person making the product liability claim would be reasonably certain of being satisfied.[17]

Where the defendant satisfies all five requirements, "the legislature has decided to shift the product liability to the manufacturer," providing immunity to the seller.[18]

---

standards at the time of manufacture); K.S.A. § 60-3305 (providing that duty to warn shall not extend to certain situations).

[15] *Savina v. Sterling Drug, Inc.*, 247 Kan. 105, 126, 795 P.2d 915, 931 (1990); K.S.A. § 60-3302(a)–(c).

[16] A "product seller" is defined as "any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption." K.S.A. § 60-3302(a). Product sellers include manufacturers, wholesalers, distributors, and retailers. *Jones v. Tanks Plus, L.L.C.*, 2013 WL 678368, at *3, 294 P.3d 1211, (Kan. Ct. App. Jan. 29, 2014) (unpublished table opinion).

[17] K.S.A. § 60-3306(a).

Lowe's argues that it has satisfied each of the above statutory requirements, thus it should be immune from liability. Of course Radermacher disagrees. She contends that the second, fourth, and fifth elements have not been satisfied, so the motion to dismiss should be denied.

The Court begins its analysis by noting that the proper inquiry is not—as Lowe's asserts—whether "Lowe's has met each of the requirements of the Seller's Exception Statute." Because reliance on K.S.A. § 60-3306(a) is an affirmative defense, the Court can only dismiss a claim at the Rule 12(b)(6) stage if all five elements of the affirmative defense appear "plainly on the face of the complaint itself."[19] Thus, the Court turns its analysis to whether the complaint's allegations show that every element of K.S.A. § 60-3306(a) has been satisfied.

*1. Knowledge of the Defect*

Regarding the first element, Lowe's must demonstrate that Radermacher's complaint shows that Lowe's "had no knowledge of the defect."[20] For the purposes of this motion only, Radermacher is "willing to accept as true that Lowe's did not have actual knowledge of the fill valve failure that ultimately caused Plaintiff's accident." Accordingly, the Court will consider this element satisfied for the purposes of this Order only.

*2. Reasonable Discovery of the Defect*

Next, the Court will analyze whether Radermacher's own allegations show that "in the performance of any duties" Lowe's "performed, or was required to perform," Lowe's "could not

---

[18] *Bond v. Gen. Motors Corp.*, 2006 WL 279018, at *2 (D. Kan. Feb. 2, 2006) (quoting *Jackson v. Thomas*, 28 Kan. App. 2d 734, 738, 21 P.3d 1007, 1011 (2001)).

[19] *See Miller*, 345 F.2d at 893; *VanLandingham*, 603 F. App'x at 659; *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016).

[20] K.S.A. § 60-3306(a)(1).

have discovered the defect while exercising reasonable care."[21] In her response, Radermacher insists that the complaint "establishes facts demonstrating that in the exercise of its duties, Lowe's could have discovered the defect in the subject dishwasher."

There are three specific facts pleaded in the complaint that Radermacher relies on to demonstrate that Lowe's could have discovered the defect while exercising reasonable care. The first, found in Paragraph 14 of the complaint, states: "[a]pproximately 30 days after purchasing the Frigidaire dishwasher, it was installed by Lowe's personnel or personnel retained by Lowe's." The second fact, from Paragraph 18, reads: "[i]n September of 2013, Lowes [sic] installed a new Frigidaire dishwasher in the Ray/Radermacher home." Finally, in Paragraph 19, the complaint alleges: "[a]t the time Lowe's installed the new dishwasher, they did not test the unit." According to Radermacher, these facts demonstrate that Lowe's could have discovered the defect while exercising reasonable care.

Lowe's essentially makes two arguments in its Reply. First, Lowe's argues that the complaint fails "to present any facts . . . that the defect was patent, such that Lowe's should have tested it." The second argument Lowe's makes is that "it is unlikely that testing the second dishwasher after installation would [have revealed] any leaking." Lowe's points out that the leak described in the complaint was not discovered "until a month after the time it was installed," and even after the leak began, it was intermittent.

Viewing the allegations in the complaint in the light most favorable to Ms. Radermacher, the Court finds that the second element of the product immunity statute "does not appear plainly

---

[21] *Id.* § 60-3306(a)(2).

on the face of the complaint itself."[22]  Quite simply, Radermacher alleged that Lowe's sold a "dishwasher they knew, or should have known, had a defective Fill Valve."  Thus, the second element of K.S.A. § 60-3306(a)—that Lowe's could not have discovered the defect—is not apparent when reading the complaint.  On the contrary, the complaint clearly alleges that Lowe's did know of the product defect.

Even if the complaint failed to allege that Lowe's had actual or constructive knowledge of the defect, the second element of K.S.A. § 60-3306(a) still does not appear on the face of the complaint itself.  The complaint alleges that Lowe's installed a dishwasher into Radermacher's home.  Shortly thereafter, Radermacher noticed that there was a leak.  These allegations "are sufficient for the Court to reasonably infer"[23] that the dishwasher was in a defective condition when it was installed, and that Lowe's could have discovered the defect while installing the dishwasher.[24]

The Court is not persuaded by the argument that the complaint fails "to present any facts . . . that the defect was patent, such that Lowe's should have tested it."  Kansas law does not require that plaintiffs plead affirmatively that a product defect is patent.[25]  The law also does not

---

[22] *Miller*, 345 F.2d at 893; *VanLandingham*, 603 F. App'x at 659; *see* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016).

[23] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[24] *See Hansel v. Payless Cashways, Inc.*, 1994 WL 608764, at *2 (D. Kan. Oct. 12, 1994).  In *Hansel*, the complaint alleged that a product "was in a defective and unreasonably dangerous condition at the time of sale, and that both defendants knew or should have known of the dangerous condition."  Based upon these allegations, the court could not "conclude that [product seller] has established that requirements (a) and (b) of K.S.A. § 60-3306 are met."  *Id.*

[25] To establish a prima facie case in a products liability case based on negligence or strict liability under Kansas law, plaintiff must produce evidence to establish three elements: (1) the injury resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time it left defendant's control.  *Messer v. Amway Corp.*, 210 F. Supp. 2d 1217, 1227 (D. Kan. 2002); *Jenkins v. Amchem Prods., Inc.*, 256 Kan. 602, 630, 886 P.2d 869, 886 (1994).

require that a product defect be patent in order for the seller to have a duty to test. For example, the Pattern Instructions for Kansas state that "[t]he seller of a product, although manufactured by another, as a part of [the seller's] duty of ordinary care, has a duty to make such tests for defects as are reasonably necessary to assure safety of the products sold. Failure to make such tests constitutes negligence."[26] Accordingly, the failure to plead that the defect was patent does not prevent the Court from drawing the reasonable inference that Lowe's should have tested the dishwasher after installation.[27]

The Court is also not persuaded by the argument that "it is unlikely that testing the second dishwasher after installation would [have revealed] any leaking." Whether this is true or not is a question of fact to be decided at a later stage. At the motion to dismiss stage, the relevant inquiry is whether the complaint shows that Lowe's, in the performance of its duties, *could not* have discovered the defect while exercising reasonable care. This argument fails because the complaint does not plainly show that Lowe's could not have discovered the defective fill valve. In reading the complaint, the Court can reasonably infer that it was possible for Lowe's to discover the defect by testing the unit.

Because the Court finds that the second element of the product immunity statute does not appear plainly on the face of the complaint itself, the product seller defense is inapplicable at this juncture. Accordingly, it is not necessary for the Court to analyze the remaining elements found in K.S.A. § 60-3306(a)(3)–(5).

---

[26] *Pattern Instructions Kansas–Civil*, Ch. 128.04 (2016).

[27] *See Conceal City, L.L.C. v. Looper Law Enf't, LLC*, 917 F. Supp. 2d 611, 620 (N.D. Tex. 2013) (holding that when the law does not require for a plaintiff to plead affirmatively that a contract is written, the failure to plead that a contract was written does not prevent the court from drawing the reasonable inference that it was written).

## IV. Conclusion

When ruling on a motion to dismiss for failure to state a claim, the main issue for this Court is "not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims."[28]  Whether Radermacher can ultimately prevail is a matter properly determined on the basis of proof, which likely means on a summary judgment motion or at trial.  It may well be true that in the performance of its duties, Lowe's could not have discovered the defective fill valve while exercising reasonable care, but this is not apparent from reading the complaint.  Accordingly, Radermacher is entitled to offer evidence to pursue her claims against Lowe's.

Because plaintiff's own allegations did not show the presence of a defense that legally defeats the claim for relief, the Court denies the motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendants Lowe's Home Centers, Inc. and Lowe's Home Centers, LLC's Motion to Dismiss (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 15th day of September, 2016.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[28] *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)).